SUSAN WARREN, Respondent, v. UNITED RAIL-
WAYS COMPANY OF ST. LOUIS, Appellant.

**St. Louis Court of Appeals, June 2, 1914.**

DAMAGES: Personal Injuries: Excessiveness of Verdict. Plain-
tiff, a woman 74 years old, was struck and injured by one of
defendant's street cars. She sustained a fracture of the skull,
a fracture of two ribs, and many severe bruises over her body,
was rendered unconscious, and remained so for some time, and
endured much pain and suffering. At the trial, she testified
that she still suffered pain in her head and back, that she could
not lie on her right side, and suffered from nervousness all the
time. A physician who had treated her and who examined her
shortly before the trial testified that the bruises and fractures
were healed, and the only abnormal condition then appearing
was her nervousness, which was very pronounced, and the scar
on her head. He also testified that he did not know whether
she would ever recover thoroughly from these injuries. *Held*,
that, although the court charged that plaintiff was not entitled
to recover for permanent injuries, a verdict awarding her
$6000 damages was not excessive.

Appeal from St. Louis City Circuit Court.—*Hon.
Eugene McQuillin, Judge.*

AFFIRMED.

*Boyle & Priest* and *Paul U. Farley* for appellant.

There being no proof that plaintiff had sustained
any permanent injury, and the jury being instructed
that she was not entitled to recover for such, the ver-
dict for $6000 was grossly excessive, and the court
erred in refusing to grant defendant a new trial on ac-
count thereof. Wellman v. Railroad, 219 Mo. 154;
Stolze v. Transit Co., 188 Mo. 580; Dean v. Railroad,
229 Mo. 425; Taylor v. Railroad, 185 Mo. 257.

*Douglas W. Robert* for respondent.

Appellant does not point out any evidence or any
facts to show that this verdict was grossly or outra-

geously excessive, nor by what amount it was excessive, and this court will only interfere in extreme cases. Williams v. Railroad, 123 Mo. 586; Perrette v. K. C., 162 Mo. 253.

ALLEN, J.—This is an action for personal injuries sustained by plaintiff by reason of being struck by a car of the defendant, and alleged to have been occasioned by defendant's negligence. Plaintiff recovered and the defendant prosecutes the appeal.

Plaintiff, who was then about seventy-four years of age, was struck and injured by defendant's car while attempting to cross one of the latter's street railway tracks in the city of St. Louis. It appears that her injuries consisted of a fracture of the skull, the fracturing of two ribs, and many and various severe bruises over her body. She was rendered unconscious and remained so for some time; and endured much pain and suffering. She testified that, at the time of the trial below, she still suffered from pains in her head and back; that she could not lie upon her right side, which had been injured; and that she suffered much from pain and nervousness all the time.

A physician, who treated plaintiff, testified to her injuries. He stated that, when he had last examined her, a month or two before the trial, the bruises and fractures had healed, and that the only abnormal condition then appearing to him was plaintiff's nervousness, which was very pronounced; saying that there was a "scar, and so forth, on her head." In response to a question as to whether plaintiff would ever "recover thoroughly from these injuries," he replied: "Well, I don't know." Q. "That is problematical is it?" A. "Yes, you cannot tell."

The only question raised by the appeal pertains to the award of damages. The jury returned a verdict for plaintiff for $6000. The trial court refused to interfere, and we are asked to reverse the judgment and

remand the cause upon the ground that the amount assessed is so grossly excessive as to compel the conviction that the verdict was the result of passion and prejudice on the part of the jury which returned it.

It is true that the verdict is rather large, in view of plaintiff's age and expectancy in life, but considering the injuries which she received, we are not inclined to accept appellant's view of our duty in the premises. Plaintiff was injured July 1, 1911, and at the time of the trial, to-wit, April 29, 1912, she testified that she still suffered greatly. Her injuries were very serious, and though her physician would not undertake to say whether or not she would ever "recover thoroughly" from them (and for this reason the court instructed the jury that she could not recover for permanent injuries), nevertheless the injuries were of such a character as to warrant the award of quite substantial damages.

Under the circumstances, we think that the verdict is not so excessive as to demand interference by this court. The judgment is therefore affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.